**Opinion issued August 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00604-CV

———————————

## J. MARK MILLER TRUST, Appellant

## V.

## KARLA MILLER, Appellee

———————————

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Case No. 2022V-0161**

———————————

## MEMORANDUM OPINION

In this suit for partition of real estate owned in part by appellant, J. Mark Miller Trust, and in part by appellee, Karla Miller, appellant filed a notice of appeal from the trial court's July 29, 2025 "Order Denying Partial Summary Judgment."

Appellant moved for partial summary judgment in the underlying cause, requesting the trial court to partition the property by sale.

We dismiss the appeal for lack of jurisdiction.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Generally, an order denying summary judgment is not a final judgment and therefore is generally not appealable unless authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *see also Baylor Coll. of Med. v. Tate*, 7 S.W.3d 467, 469 (Tex. App.—Houston [1st Dist.] 2002, no pet.). While section 51.014 of the Texas Civil Practice and Remedies Code authorizes appeals from interlocutory orders denying summary judgment in certain circumstances, none of those circumstances are present here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (6), (17).

Accordingly, on August 14, 2025, the Court issued an order directing appellant to file a written response, with citation to law and the record, demonstrating that the Court had jurisdiction over the appeal. Appellant was further notified that the failure to adequately respond could result in dismissal of the appeal.

On August 25, 2025, appellant responded to the Court's order. In its response, appellant argued that the trial court's July 29, 2025 Order Denying Partial Summary

Judgment is a final, appealable order under the circumstances of this suit for partition of real property.  Appellant noted that the Texas Rules of Civil Procedure set out a two-stage process for the partition of real estate, each of which "results in a final, appealable judgment." *See Bowman v. Stephens*, 569 S.W.3d 210, 221 (Tex. 2018). Appellant argued that the trial court's order denying partial summary judgment "concluded that the platted property cannot be partitioned in sale," and "[a]s such, the order possesses the requisite finality to be appealable."  However, appellant provided no authority to support the argument that the trial court's order denying appellant's motion for partial summary judgment possessed any requisite finality.

In *Bowman*, the Texas Supreme Court discussed the two-stage process for the partition of real estate and acknowledged that each stage can result in a final, appealable judgment.  *Id.*  However, this case is distinguishable from *Bowman* in one important respect; in *Bowman*, the trial court made its phase one findings regarding partition at the conclusion of a trial on the merits.  *Id.* at 216–19.  Here, on the other hand, no such trial has occurred.  Appellant moved for pre-trial summary judgment, which the trial court denied by its July 29, 2025 order.  Such an order is interlocutory by nature.

In its response, appellant appears to acknowledge that an order denying a motion for partial summary judgment is interlocutory but contends that this particular interlocutory order is "final" because "the trial court certified that matter

for appeal as indicated in its [Texas Rule of Civil Procedure] 306a Notice Letter." Appellant argued that a letter sent by the Austin County District Clerk, dated July 29, 2025, stating that the trial court signed the July 29, 2025 order "in accordance with the provisions of Rule 306a" can only mean that the trial court intended that the order be appealable. Again, appellant provides no authority to support this argument.

Rule 306a does, in fact, govern periods to run from the signing of a judgment, including appellate deadlines. *See* TEX. R. CIV. P. 306a. However, the fact that the Austin County District Clerk sent the parties a letter "in accordance with the provisions of Rule 306a" does not, in and of itself, make an otherwise interlocutory order appealable, and appellant provides no authority establishing otherwise.

Appellant's response further argued that, despite that it is interlocutory, the July 29, 2025 order is appealable because section 51.014 of the Civil Practice and Remedies Code "provides that certain interlocutory orders are appealable." Appellant argued that:

> Section 51.014(d) allows a trial court, on its own initiative, to permit an appeal from an order that is not otherwise appealable if it involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

By this argument, appellant appears to seek a permissive appeal from the trial court's July 29, 2025 order. However, appellant has failed to meet the procedural

4

requirements to take a permissive appeal. Prior to taking a permissive appeal from an interlocutory order, the trial court must grant the party such permission, specifically, "[p]ermission must be stated in the order to be appealed." *See* TEX. R. CIV. P. 168. The July 29, 2025 order does not indicate that the trial court granted appellant permission to seek a permissive appeal.

Further, assuming the trial court had granted such permission, the party seeking to appeal an interlocutory order that is not otherwise appealable then "must petition the court of appeals for permission to appeal." TEX. R. APP. P. 28.3(a); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (stating that party seeking permissive appeal must file "application for interlocutory appeal explaining why an appeal is warranted under Subsection (d)"). The petition for permission to appeal must attach "a copy of the order from which appeal is sought." TEX. R. APP. P. 28.3(e)(2)(A). Appellant did not file an application for permissive appeal in this Court.

Accordingly, we conclude that we lack jurisdiction over the trial court's July 29, 2025 "Order Denying Partial Summary Judgment" and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.